**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0289-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WALLACE GASKINS, a/k/a
WALLACE N. GASKINS,
WALLACE MICHAEL,
WALLACE MILLER,
WALLACE N. MILLER,
and WALLACE N. MOORE,

     Defendant-Appellant.

_____

Submitted September 30, 2024 – Decided October 25, 2024

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 08-08-2556.

Wallace Gaskins, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of a motion to correct an illegal sentence, arguing the Supreme Court's decision in State v. Torres, 246 N.J. 246 (2021) applies retroactively and required the sentencing court to conduct an overall fairness evaluation before imposing a consecutive sentence. Because we have, on several prior occasions, held defendant's sentence is valid, and the absence of a Torres statement does not render a sentence illegal, we affirm the trial court's ruling.

On August 22, 2008, defendant was indicted with first-degree purposeful or knowing murder, in contravention of N.J.S.A. 2C:11-3(a)(1)(2) (count one); first-degree attempted murder, in contravention of N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count two); two counts of second-degree unlawful possession of a handgun, in contravention of N.J.S.A. 2C:39-5(b) (counts three and eight, respectively); and second-degree possession of a firearm for an unlawful purpose, in contravention of N.J.S.A. 2C:39-4(a) (count four). A jury convicted him of first-degree aggravated manslaughter as a lesser-included offense of count one, and counts two through four.

Gaskins was sentenced on March 1, 2010. For count one, the sentencing court imposed a sentence of thirty years, with an eighty-five percent period of

A-0289-23

parole ineligibility pursuant to the No Early Release Act[1] ("NERA"), which included fifteen years required by the Graves Act,[2] and five years of supervision upon release. The sentencing judge merged defendant's count two and count four convictions and sentenced him to an aggregate extended term of life imprisonment with an eighty-five percent period of parole ineligibility pursuant to NERA and the required fifteen years pursuant to the Graves Act. For count three, the sentencing judge imposed a concurrent sentence of ten years, with a five-year period of parole ineligibility pursuant to the Graves Act. Finally, for count eight, although severed and not tried against defendant, the sentencing judge imposed a concurrent ten-year sentence with a five-year period of parole ineligibility pursuant to the Graves Act.

Defendant filed a direct appeal challenging both the convictions and his sentence, specifically arguing the sentences were manifestly excessive and his conviction for count eight was in error because it was never tried. We affirmed the convictions, vacated the sentence as to count eight, and remanded for resentencing on counts one and two, expressing concern that the trial court sentenced defendant to the highest end of the statutory ranges and ran the

---

[1] N.J.S.A. 2C:43-7.2.

[2] N.J.S.A. 2C:43-6(c).

sentences consecutively. State v. Gaskins, No. A-4936-09 (App. Div. July 25, 2012). On resentencing, the trial court reduced the initial thirty-year sentence for count one to twenty years, subject to an eighty-five percent NERA parole disqualifier and the Graves Act, but, after consideration, allowed counts one and two to remain consecutive. All other sentences remained the same except for count eight, which was vacated.

Defendant subsequently filed a self-represented petition for post-conviction relief ("PCR") alleging his trial attorney's concession on the gun charges, failure to cross-examine the arresting officer, and failure to object to a portion of the prosecutor's summation amounted to ineffective assistance of counsel, which we rejected, see State v. Gaskins, No. A-1283-15 (App. Div. Mar. 28, 2017), and the Supreme Court denied certification. See State v. Gaskins, 231 N.J. 183 (2017). Defendant then filed a second self-represented PCR petition alleging his trial attorney and PCR counsel failed to include testimony, facts, and arguments to adequately support defendant's case and amounted to ineffective assistance of counsel, which we also denied, see State v. Gaskins, A-3877-17 (June 10, 2019), and the Supreme Court denied certification. See State v. Gaskins, 240 N.J. 145 (2019).

A-0289-23

Defendant next filed a self-represented habeas corpus petition in the United States Federal District Court, alleging: (1) the PCR court failed to address the issue of ineffective assistance of trial counsel when counsel failed to fully inform him of the penal consequences of the State's plea agreement; (2) the PCR court abused its discretion by refusing to hold an evidentiary hearing; and (3) the sentence imposed was manifestly excessive. The District Court rejected these claims and found each of defendant's sentences within the statutory limits. See Gaskins v. Johnson, No. 18-1440 (D.N.J. June 30, 2021).

Defendant then filed a motion before the Law Division for a change of sentence pursuant to Rule 3:21-10(b)(3), alleging, in part, that the sentencing court did not address every factor enumerated in State v. Yarbough, 100 N.J. 627 (1985), and it did not cite to any statutory basis for imposing consecutive sentences. Even though the court found defendant failed to comply with the rule's requirements because the prosecuting attorney had not joined in defendant's motion, it nonetheless addressed defendant's arguments substantively and found no merit.

Undeterred, defendant filed a motion to correct an alleged illegal sentence, claiming his sentence violated the Code of Criminal Justice[3] because the

---

[3] See R. 3:21-10(b)(5).

sentencing court failed to conduct an "overall fairness" evaluation as required by Torres before imposing consecutive terms, which the trial court denied. This appeal followed. We agree with the trial court and affirm.

First, on direct appeal, we have previously concluded defendant's current sentence is legal and was imposed in accordance with all applicable law. See Gaskins, No. A-4936-09 (App. Div. July 25, 2012) (slip op. at 24) ("[W]e see no error in the judge's decision to impose consecutive sentences under the circumstances of this case . . . ."). Therefore, we need not address the consecutive nature of the sentences again and decline to do so.

Secondly, we disagree with defendant's contention that Torres applies retroactively. Torres did not create a new rule of law requiring retroactive application to this matter, where defendant was sentenced over eleven years before Torres was decided. In Torres, our Supreme Court explained its intention "to underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the factors laid out in Yarbough. Torres, 246 N.J. at 252-53. The Supreme Court stated:

> We reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112,] 122 [(1987)]; see also State v. Abdullah, 184 N.J. 497 (2005). Toward that end, the sentencing court's

6

explanation of its evaluation of the fairness of the overall sentence is "a necessary feature in any Yarbough analysis." [State v.] Cuff, 239 N.J. [321,] 352 [(2019)].

[Id. at 270.]

Torres did not announce a new rule. It reemphasized the long-established requirement that a sentencing court must provide "an explanation of the overall fairness of [a] consecutive sentence." Ibid. Regardless, the absence of a Torres statement does not render a sentence illegal.

We have previously determined the trial court properly considered the defendant's consecutive sentences when we considered defendant's direct appeal. See Gaskins, No. A-4936-09 (slip op. at 21-24). Certainly, after our remand, where we expressed concern defendant had been sentenced at the highest end of each range and the sentences had been imposed consecutively, the trial court carefully considered the re-imposition of consecutive sentences.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0289-23